IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cr. No. 21-CR-0589 MV |
| | ) |
| **TJ TORREL SMITH**, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum for the Court's consideration ahead of the sentencing hearing set for April 23, 2024. The Addendum to the Presentence Report (PSR) calculates the defendant's advisory sentencing guideline range as 46 to 57 months. Doc. 77. Pursuant to the plea agreement, the United States agrees to the imposition of a sentence at the low-end of the advisory guideline range. The United States respectfully requests that this Court accept the plea agreement and impose a sentence of 46 months, followed by a term of supervised release of three years.

## BACKGROUND

The PSR accurately and completely describes the offense conduct. In summary, Santa Fe police located the defendant with a self-inflicted gunshot wound and a revolver nearby on the hood of a vehicle. Smith also had $3,870 in cash and distribution quantities of illegal narcotics. Law enforcement determined that the defendant was a convicted felon, and he was prohibited from possessing a firearm.

1

**ARGUMENT**

I.    **The Court Should Impose a Sentence of 46-Months Incarceration**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining what constitutes an appropriate sentence for the defendant. *See United States v. Booker*, 543 U.S. 220 (2005). A consideration of those factors in this case should lead to the conclusion that a sentence of 46 months is sufficient, but not greater than necessary, to achieve the objectives set forth in Section 3553(a).

    A.    The Nature and Circumstances of the Offense

With respect to the nature and circumstances of the offense, the defendant had a prior felony conviction and was prohibited from possessing firearms or ammunition. He was well aware of his status, knew that possessing firearms was a felony offense, yet chose to do so without regard for the safety of the community. Additionally, he possessed the firearm in connection with another felony offense, as he was in possession of distribution quantities of heroin and methamphetamine at the time of his arrest – a specific offense characteristic that is deemed to be serious enough to warrant a four-level increase to the base offense level. Finally, he committed the instant offense while under a criminal justice sentence for his 2018 and 2019 convictions, demonstrating his unwillingness to comply with the terms of probation. A sentence of 46 months is already at the low end of the guideline range; a lower sentence would not appropriately account for the seriousness of Smith's conduct.

    B.    History and Characteristics of the Defendant

The defendant's history demonstrates a disregard for the law and any societal norms. The PSR lists multiple prior adult convictions and arrests dating back to 2001, since he was 18 years old. His most recent convictions resulted in prison time, but failed to provide adequate

deterrence for the defendant to not reoffend.  He also failed to obey the conditions of his probation and supervised release, demonstrating that he is unwilling to follow the requirements imposed by a court. He also has a 2018 arrest for aggravated battery involving a physical altercation with his girlfriend.  In that incident, the victim reported to police that the defendant "beat her regularly" and had punched her head and throat, and then threw her in the shower in front of her children.  PSR ¶ 53.  Finally, the PSR reports that the defendant was dishonorably discharged from the United States Marines,  however the defendant would only tell Probation that he was discharged after he "got in trouble."  PSR ¶ 98.  Thus, this Section 3553(a) factor does not support a sentence of less than 46 months.

      C.      <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Provide Adequate Deterrence, and Protect the Public from Further Crimes of the Defendant</u>

As discussed above, the crime of conviction was a very serious offense.  If the defendant were convicted at trial, the offense level of 24 combined with a criminal history category of III would have resulted in a guideline imprisonment range of 63 to 78 months – this reflects the seriousness of the offense and the intent of Congress and the Sentencing Commission to treat felon in possession cases on par with the most egregious crimes.  A sentence below 46 months would not reflect the seriousness of the crime for which the defendant has pled guilty.  Nor would it promote respect for the law or provide just punishment for these offenses.  With respect to deterrence, the defendant has shown that a shorter prison sentence may not be sufficient to deter him from returning to criminal activity.  Based on his past recidivism, it appears that prison is the only way to protect the public from further crimes of the defendant.

  D. <u>The Sentencing Guidelines for the Applicable Category of Offense Committed by the Applicable Category of Defendant</u>

  One of the Section 3553(a) factors that the Court must consider is the sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant.  The Supreme Court has recognized that even in the post-*Booker* world "the [Sentencing] Commission fills an important institutional role: It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise . . . .'" *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007).  "In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve 3553(a)'s objectives.'" *Id.*  The Court must consider the advisory guideline range in determining the defendant's sentence.  Here, a sentence of 46 months is at the low-end of the advisory guideline range of 46 to 57 months.  A sentence below 46 months would be too light for the applicable category of offense committed by the applicable category of defendant.

  E. <u>The Need to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Crimes</u>

  A sentence within the guideline range is the best approach to preventing unwarranted sentencing disparities between similarly situated defendants.  As the PSR indicates, in the last five years there were 863 defendants sentenced to prison for the same crime, with the same offense level and criminal history category as the defendant.  The average length of imprisonment imposed was 45 months and the median length of imprisonment imposed was 46 months.  PSR, ¶ 119.  The sentence requested by the United States of 46 months is not only within the guideline range, but is the median sentence for all similarly situated defendants.

Therefore, a sentence of less than 46 months would create an unwarranted disparity between the defendant and others who are similarly situated.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court conclude that a sentence of 46 months constitutes an appropriate sentence.

Respectfully submitted,

ALEZANDER M.M. UBALLEZ
United States Attorney

*Electronically Filed 04/01/2024*
MATTHEW T. NELSON
Assistant United States Attorney
Post Office Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused the following parties or counsel to be
served by electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on April 1, 2024:


    /s/
Matthew T. Nelson
Assistant U.S. Attorney